IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 5:00-917-CMC |
| v. | |
| Eric L. Gadson, | Opinion and Order |
| Defendant. | |

On February 24, 2020, Defendant filed a *pro se* motion to reduce sentence pursuant to 18

U.S.C. § 3582(c)(1)(A)(i).  ECF No. 58.[1]  He seeks a six-year reduction to Time Served**,** arguing

the consecutive 240-month sentence on his second conviction for a violation of 18 U.S.C. § 924(c)

creates an unwarranted sentencing disparity in light of an amendment to § 924(c) in the First Step

Act precluding consecutive sentences in his circumstances.  § 924(c)(1)(C) ("In the case of a

violation of this subsection *that occurs after a prior conviction under this subsection has become*

*final*, the person shall -- (i) be sentenced to a term of imprisonment of not less than 25 years.")

(emphasis added).  Although Congress did not make this amendment retroactive, he cites cases

finding such a disparity and argues this ground, together with an ill mother and exemplary prison

record, support a sentence reduction for "extraordinary and compelling circumstances."  ECF Nos.

66, 71.  More recently, he has advised of a COVID-19 outbreak at his institution.  ECF No. 70.

On January 10, 2020, Defendant submitted a request to his Warden that the Bureau of

Prisons ("BOP") bring a motion pursuant to § 3582(c)(1)(A) on his behalf.  He alleges the request

---

[1] Counsel was appointed on February 25, 2020 and filed a supplemental motion to reduce sentence on March 26, 2020.  ECF Nos. 59, 66.

was denied by the Warden on January 30, 2020. The parties agree that he has exhausted administrative remedies.

### Discussion

*1. Background*

Defendant robbed or attempted to rob 16 banks in Georgia and South Carolina from July to December 1997. Based on the final Georgia attempted robbery, during which he and his co-defendants were apprehended by police, Defendant was charged in the Southern District of Georgia with two counts: attempted bank robbery under 18 U.S.C. § 2113(d) and possession of a firearm during a crime of violence under 18 U.S.C. § 924(c). Case No. 2:98-0001 (S.D. Ga). He was found guilty on both counts after a jury trial and sentenced to a total term of 198 months: 78 months on the bank robbery, and a consecutive 120 months on the §924(c) charge. Subsequently, he was sentenced to an additional 12 months consecutive for giving a false statement. On November 11, 1999, his Georgia sentence was reduced to a total term of 150 months.

Defendant was also charged in the District of South Carolina with the following counts: bank robbery on November 19, 1997 (count 1); carrying a firearm in furtherance of that robbery (count 2); bank robbery on July 17, 1997 (count 3), and carrying a firearm in furtherance of that robbery (count 4). Case No. 5:00-917. There were additional charges pending in the Southern District of Georgia, and Defendant consented to transfer of those to the District of South Carolina. He then pled to counts 1, 2, and 3 from the Indictment in case 5:00-917, and count 1 from the Indictment in 5:01-522 (transferred from Georgia), conspiracy to commit armed bank robbery, covering robberies in Georgia and South Carolina. Defendant entered his plea of guilty to both Indictments on June 21, 2001. He was sentenced to 48 months on the bank robbery counts - counts 1 and 3 of case 5:00-917 and count 1 of 5:01-552 - to run concurrently with the undischarged term

2

of imprisonment from the Southern District of Georgia, and 240 months consecutive on count 2, the § 924(c) violation.[2]  His total sentence was therefore calculated as 390 months, 300 of which came from consecutive convictions under § 924(c).  ECF No. 66-2 at 7.

In the First Step Act, Congress amended the requirement for imposition of a mandatory 25 year consecutive sentence for a second § 924(c) conviction.  First Step Act § 403(a), codified at § 924(c)(1)(C) ("In the case of a violation of this subsection that occurs *after a prior conviction under this subsection has become final*, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years.") (emphasis added).  However, this amendment was not made retroactive to cases such as this one.  Defendant argues his sentence would be much lower if he were sentenced today, as he would no longer be subject to a consecutive 240-month sentence for his second conviction under § 924(c).  *Id.*  ECF Nos. 58, 66.  He cites cases finding the stacking of sentences under § 924(c) can be a valid reason for reducing a sentence based on extraordinary and compelling circumstances in § 3582(c)(1)(A)(i).  ECF Nos. 66 at 14; 71.

2.  *Analysis*

Section 3582(c)(a)(A)(i) allows a court to modify a term of imprisonment once it has been imposed for extraordinary and compelling reasons if such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission.  As a general matter, the Policy Statement at § 1B1.13, published prior to the First Step Act's amendment of § 3582(c), notes a court may grant release if extraordinary and compelling circumstances exist, and, after considering the § 3553(a) factors, the court determines the defendant is not a danger to the community.

---

[2] At the time, a second § 924(c) conviction carried a consecutive 20 year sentence, instead of 25 years.

3

Application note 1(D) states that "other reasons" may exist "other than, or in combination with, the reasons described in subdivisions (A) through (C)" for medical condition, age, and family circumstances.

A new Policy Statement has not been issued since Congress amended § 3582(c)(1)(A)(i), allowing a defendant to move the court for compassionate release. "For this reason, any assessment of whether a court acted 'consistent' with U.S.S.G. § 1B1.13 based on reasons other than those specifically mentioned in Application Notes 1(A)-(C) must consider the First Step Act's effect on that policy statement, and Application Note 1(D) in particular." *United States v. Redd*, No. 1:97-cr-006, 2020 WL 1248493, at *7 (E.D. Va. March 16, 2020) (citing 18 U.S.C. § 3553(a)(5) (any "pertinent policy statement" is to be considered "subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into the amendments issued under section 994(p) of title 28.")). The court therefore concludes it may find extraordinary and compelling circumstances exist based on facts and circumstances other than those set forth in §1B1.13 cmt. n.1(A)-(C). *Id.* at *8 n.18 (collecting cases in agreement).

The court agrees Congress did not limit extraordinary and compelling circumstances to medical or family circumstances, and that the stacking of multiple § 924(c) sentences can be a factor in reducing a sentence under § 3582(c)(1)(A)(i). *See, e.g., United States v. McPherson,* No. CR94-5708RJB, 2020 WL 1862596 (W.D. Wash. April 14, 2020) (392 month sentence); *United States v. Defendants (Wade)*, No. 2:99-cr-00257, 2020 WL 1864906 (C.D. Cal. April 13, 2020) (877 month sentence); *United States v. Decator,* Crim. No. CCB-95-0202, 2020 WL 1676219, at *3-4 (D. Md. April 6, 2020) (663 month sentence); *United States v. Chan,* No. 96-cv-00094, 2020 WL 1527895, at *6 (N.D. Cal. March 31, 2020) (604 month sentence); *Redd*, 2020 WL 1248493

4

(603 month sentence); *United States v. Brown*, No. ELH-00-0100, 2020 WL 1248950 (D. Md. March 16, 2020) (sentence of Life plus 30 years); *United States v. Young*, No. 2:00-cr-002, 2020 WL 1047815 (M.D. Tn. March 4, 2020) (1107 month sentence); *United States v. O'Bryan*, No. 96-10076-003, 2020 WL 869475 (D. Kan. Feb. 21, 2020) (351 month sentence); *United States v. Maumau*, No. 2:08-cr-758, 2020 WL 806121, (D. Utah Feb. 18, 2020) (660 month sentence); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019) (848 month sentence).   Although the "clarification" to § 924(c) limiting stacking was not made retroactive by Congress, this does not mean the court cannot consider it on an individual defendant basis.  *Redd*, 2020 WL 1248493, at *9.  What it does mean, however, is that Congress did not intend the sentencing disparity between defendants sentenced before and after the §924(c) amendment to constitute a sufficient basis on its own to grant a reduction in sentence.

The court agrees there is a disparity between Defendant's current sentence and a sentence imposed today for the same counts and convictions.  If sentenced today, Defendant's sentence for his second § 924(c) conviction would carry no less than five years consecutive, instead of twenty.[3] Even assuming, however, there is a disparity, is a reduction in sentence warranted for extraordinary and compelling reasons?

3. *Section 3553(a) Factors*

In deciding this matter, the court must also consider the factors set forth in § 3553(a), to the extent applicable: the nature and circumstances of the offense; history and characteristics of

---

[3] This assumes Defendant would have been allowed to enter a plea to only one additional § 924(c) count in South Carolina if the sentence carried five instead of 20 years consecutive.  Given the number of armed bank robberies, it is questionable whether Defendant, who engaged in seven bank robberies in South Carolina, would have been offered a plea to one count of violating § 924(c).

Defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the Defendant; provide rehabilitative services; the applicable guideline sentence; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). Overall, the sentence must be sufficient, but not greater than necessary, to achieve these purposes. *Id.*

    a.   Nature and Circumstances of the Offense

Defendant's crimes were numerous and extremely serious: he robbed or attempted to rob 16 banks while armed each time with a firearm he pointed at the victims.  Defendant was the ringleader of a gang of four, and he recruited other participants, provided weapons, clothing, masks, and transportation for the robberies.   He also identified areas and banks for robberies and scouted areas to determine escape routes. A total of $116,000, as well as firearms and vehicles, were stolen.

    b.   History and Characteristics

Defendant was 22 years old when he committed the robberies and had a fairly limited criminal history.  He was a high school athlete who had been gainfully employed for over three years prior to these crimes.  He is currently 44 years old.

    c.   Need to Avoid Unwarranted Sentencing Disparities

As discussed above, assuming Defendant were allowed to plead to only one § 924(c) violation in the South Carolina cases, his sentence on that count would be not less than five rather than 20 years consecutive, for a total sentence of 210 months rather than 390 months. Given the number of bank robberies, however, that is a questionable assumption.

d.  <u>Kinds of Sentences Available and Sentencing Range Established</u>

Defendant's Guideline range was 151-188 months on Counts 1 and 3 of Case No. 00-917 and Count 1 of Case No. 01-552, plus 240 months consecutive for Count 2 of Case No. 00-917, for a total range of 391-428 months.  The maximum term of imprisonment on Counts 1 and 3 was 25 years, and the statutory term for Count 2 was 240 months.  The maximum term of imprisonment for Count 1 of Case No. 01-552 was 60 months.  The supervised release term was not more than five years for Counts 1 and 3 of Case No. 00-917, not more than three years on Count 2, and not more than three years on Count 1 of Case No. 01-552.

e.  <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter Defendant and others.</u>

Defendant has been in custody since July 14, 1998, and has served almost 22 years, or approximately 268 months.  Defendant's projected release date is June 29, 2026, when he will have served approximately 28 years and will be 50 years old.

f.  *Post-Sentencing Conduct*

Defendant has had an excellent record in the BOP during the nearly 22 years he has served. He has had only one disciplinary infraction, has earned his GED, and completed 46 educational courses.  He has worked for Unicor as a manufacturing manager for approximately 210 months. He is certified as a Quality Improvement Associate, SAP Instructor/Operator, HVAC and as a Professional Fitness Trainer.  He has a stable release plan to live with an aunt and has located four employers within five miles or less of his release address who hire ex-felons.

4.  *Other Considerations*

In addition to the § 924(c) issue, Defendant cites the following reasons supporting his request for reduction of sentence:

7

1) "Becoming a caregiver" for his elderly mother who suffers from "diminished mental capacity, hypothyroidism, high blood pressure, obesity, and osteoporosis" (ECF No. 58 at 5-6)[4],

2) He has an outstanding work history in the BOP including work with UNICOR and specialized training in the SAP software program.

3) He has had only one disciplinary infraction, and has a Reentry Plan with a place to live and job prospects.

4) He was 26 when sentenced and has spent approximately 268 months in custody. His projected release date is June 29, 2026.

5) The COVID-19 pandemic is spreading quickly in his BOP institution at Forrest City, Arkansas. ECF No. 70. Forty-three inmates and one staff member have tested positive. *See* BOP COVID-19 Cases (last visited April 29, 2020) https://www.bop.gov/coronavirus/index.jsp.

### Conclusion

The court concludes that, although in certain circumstances stacking of sentences for § 924(c) violations can constitute extraordinary and compelling circumstances, that is not the case here. Defendant's crimes were extensive and violent, and his robbery spree only ended when he was apprehended by police. He was the leader and organizer of the ring and facilitated others' involvement in the crimes. Had today's § 924(c) penalties been in effect when Defendant was

---

[4] It now does not appear he intends to live with or near the elderly mother. ECF No. 66-4 at 4.

sentenced, it is unlikely he would have received only one five year consecutive sentence in South Carolina given the number of robberies with which he was charged.[5]

The court has considered Defendant's over 21 years of near perfect behavior and self-improvement while in custody. The court commends Defendant, and believes his BOP record will serve him well upon release. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t).

Further, the court is aware the COVID-19 pandemic presents a novel situation, especially for BOP institutions. However, Defendant does not allege he is uniquely at risk, and the court is aware the BOP has a plan to confront the virus. BOP COVID-19 Modified Operations Plan (last visited April 29, 2020) https://www.bop.gov/coronavirus/covid19_status.jsp. The court cannot release an inmate simply because the virus is present at his institution.

For all the above reasons, the court declines to impose a reduced sentence. The court finds the current sentence remains sufficient but not greater than necessary to achieve the purposes of sentencing. Defendant's motion is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 30, 2020

---

[5] According to the PSR, Defendant did not deny involvement in the 16 robberies or attempts. PSR at ¶ 48.

9